## Dan Gay v. The State.

THREATS — INDICTMENT. — Two defendants being tried on an indictment which charged them with having, "jointly and severally," seriously threatened to take the life of B., one of them was acquitted and the other convicted. It was objected, by motion to quash, that the offense was necessarily several, and not chargeable jointly against the defendants; and, by motion in arrest, that, under such an allegation, the conviction of one defendant could not be sustained when the other was acquitted. But *held*, that the words "jointly and severally" were mere surplusage, and vitiated neither the indictment nor the conviction.

APPEAL from the District Court of Rusk. Tried below before the Hon. A. J. Booty.

The import of the motions is fully indicated in the head-note.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State, cited *Johns* v. *The State*, 24 Miss. 569 ; *The State* v. *Stedman*, 7 Port. 495 ; *The State* v. *Brown*, 8 Humph. 89 ; *Warrington* v. *The State*, 1 Texas Ct. App. 173 ; and Whart. Cr. Law, sec. 435.

WINKLER, J. The sufficiency of the indictment is called in question, first, in a motion to quash, which is overruled; and, secondly, in a motion in arrest of judgment, which was also overruled; both of which rulings are assigned as error.

The objections to the indictment pointed out specially in these motions relate to a statement therein that the two defendants, giving time and place, " did then and there, jointly and severally, and seriously, threaten to take the life," etc.

We are not aware of any office the words " jointly and severally " could perform. They must have been idly writ-

ten therein, without any object having entered into the mind of the pleader whilst penning them. The indictment would be sufficient without these words; they are useless and meaningless, and must be regarded as surplusage.

The indictment charges that the appellant and another did seriously threaten to take the life of D. R. Bradley, he being then and there a human being.

The court properly and plainly charged the jury as to the law of the case, and the jury could not convict unless they believed that the threats were not only made, but made with a serious intention, at the time, to carry them into execution. The jury acquitted one, and convicted the other — the appellant.

After thoroughly considering the whole case as disclosed by the record, we find nothing to warrant a reversal. The judgment is affirmed.

*Affirmed.*